## In The United States District Court For The Southern District Of Alabama

Michael Dewayne Anderson,
    Petitioner,

Vs.

Herman Young Thomas, et. al.,
Douglas I. Johnstone, et. al.,
    Respondent(s),

Civil Action No. #

## Petition For Writ Of Mandamus Pursuant To Rule 21 A.R.A.P.

### Jurisdiction:

This Honorable Court has Jurisdiction over the above style cause and action, by virtue of its authority to entertain this petition for Writ of Mandamus. As petitioner has exhausted all available State Remedies, and Justice is further seeked;

### Statement Of Facts:

When petitioner caught his murder case August 19, 1995, he went before district Court Judge Herman Young Thomas for his hearing, when the State could produce no witness at the district court hearing on the first setting, Judge Thomas agreed to dismiss it if the State failed to produce a witness at the next court setting. The State failed to produce a witness, and still there was a hearing held,

1.

AND PETITIONER WAS BOUND OVER TO THE GRAND JURY FOR MURDER. AFTER PETITIONER WENT TO TRIAL FOR MURDER UNDER JUDGE DOUGLAS I. JOHNSTONE, HE WAS THEN TRANSFERRED TO THE SUPREME COURT OF ALABAMA AS A JUDGE. HERMAN YOUNG THOMAS AND PETITIONER HAS A CONFLICT THAT'S NOW PENDING IN THIS COURT UNDER CIVIL ACTION, CASE No.# CV-02-3877, AND JUDGE DOUGLAS I. JOHNSTONE HAS RULED ON EVERY CASE THAT PETITIONER HAS PUT BEFORE THE SUPREME COURT OF ALABAMA, CASE No.# CV-99-0435; CV-01-966, 967 AND CC-96-1980, 60-thru-65; BOTH JUDGES HAS A PERSONAL INTEREST IN THE OUTCOME OF THESE CASES, AND HAS PLAY A DUAL ROLL IN ALL THESE CASES. THEREFORE, PETITIONER CAN HAVE NO DUE PROCESS AFFORDED WITHIN THESE COURTS, NOR HAS HE BEEN AFFORDED ANY SUCH DUE PROCESS, GUARANTEED HIM BY THE 14th AMENDMENT TO THE CONSTITUTION.

## Statement Of Issues Presented For Review:

MANDAMUS IS THE PROPER REMEDY TO COMPEL THAT THESE TWO JUDGES RECUSE THEMSELVES FROM RULING ON ANY OF THE DOCUMENTS THAT PETITIONER PRESENTS TO THE COURTS. AND TO REMAND THE CASES BACK FOR FURTHER PROCEEDINGS ON THE ISSUES PETITIONER HAS PRESENTED. PETITIONER CONTEMPLATES THE RUDIMENTARY REQUIREMENTS OF FAIR PLAY AND DUE PROCESS.

## Relief Sought:

PETITIONER MICHAEL D. ANDERSON PETITIONS THIS HONORABLE COURT PURSUANT TO A WRIT OF MANDAMUS TO ISSUE THE HONORABLE HERMAN YOUNG THOMAS, AND DOUGLAS I. JOHNSTONE, TO RECUSE THEMSELVES FROM MAKING RULING PERTAINING TO PETITIONER'S CASE. WHERE AS THEY BOTH HAVE A PERSONAL INTEREST IN THIS MATTER, AND JUSTICE WOULD NOT BE FAIRLY ADMINISTERED FROM THE BIAS OF THESE TWO JUDGES.

Petitioner submits that he has a right to procedural due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1. §6. of the Alabama Constitution of 1901. Broadly speaking, contemplates the rudimentary requirements of fair play. Judge Thomas knows that petitioner has a civil action pending on him for his attempts to engage petitioner and others in his homosexual advancements, and is bias towards any documents that petitioner puts before the Courts. (See attached Exhibits);

Judge Douglas I. Johnstone was the trial judge, and the petitioner has filed ethic violations against him, and he is not going against his own rulings. And he was also very much personally involved with petitioner being convicted of murder, which issues are before the court at this time. In McDaniel v. Norris, 38 F. 3d. 385 (8th Cir. 1994), it was held, that a petitioner has a legal right to review, when he can demonstrate a clear fundamental miscarriage of justice, also see, Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d. 640 (1991); Petitioner would recommend that all cases that these two judges has ruled on of the petitioner, be reversed back for a full evidentiary hearing; And that this Court will set down a hearing date for the Motion of Recusal, that petitioner may have his facts presented before this court, that he be able to present witnesses for testimony. Petitioner can produce that canon violations occurred in every proceeding, and show forth documents for his facts relied upon for relief in this Honorable Court. Petitioner ask this Court to not turn a blind eye to justice, and do not allow the scales of justice to rust and collect dust.

3.

## Statement Of The Reasons Why The Writ Should Issue:

Petitioner further submits, that Judge Thomas has recently with-held some of petitioner's papers that he had amended to his petition November 15, 2002, out of petitioner's record on appeal. These documents contained names of people who were going to testify to Judge Herman Young Thomas homo-sexuality, and others of his deception in the Court System. Judge Thomas also denied petitioner's Rule 32-Petition on September 9, 2003, but placed an Order dated October 16, 2003, in the Record on Appeal, to address the merits. For reasons personal to Judge Thomas, and not according to the Rules of Criminal Procedure or laws to support such action of a Judge, see *The Matter Of Sheffield*, 465 So.2d. 350 (Ala. 1984); *Bradshaw-v-McCotter*, 785 F.2d. 1327 (C.A. 5 (Tex.) 1986); *Bryers-v-Bryers*, 485 So.2d. 1187 (Ala. Civ. App. 1986); also see *Aetna Life Ins. Co.-v-Lavoie*, 106 S.Ct. 1580, 475 U.S. 813, (U.S. Ala. 1986);

Petitioner submits that this Writ should issue, because both these Judges have played duel rolls in the decisions that would affect their Judgeship, and relief that petitioner could receive, see *In Re Murchinson*, 75 S.Ct. 623, 349 U.S. 133 (U.S. Mich. 1955), 99 L.Ed. 492; also *Donnelly-v-DeChristoforo*, 94 S.Ct. 1868, 416 U.S. 637 (U.S. Mass. 1974). Petitioner should be granted a hearing on the facts and exhibits contained within this petition, and the affidavits in the exhibits tell the truth, this Writ should issue. (See Attached Exhibits);

Done this 8th day of December, 2003;

Respectfully Submitted,
Michael W. Anderson

4.

## Certificate Of Service

I hereby certify that a copy of the foregoing has been served on all interested parties, by placing a copy of the same in the United States Mail postage prepaid and addressed to;

Clerk Of The United States District Court
Southern District Of Alabama
113 St. Joseph Street
Mobile, Alabama - 36602

Clerk Of The Supreme Court Of Alabama: Douglas I. Johnston, Judge
300 Dexter Avenue
Montgomery, Alabama - 36130

Clerk Of Mobile County Circuit Court
In Re: Herman Young Thomas, Judge
205 Government Street
Mobile, Alabama - 36644-2927

Done this 8th day of December 2003;

Respectfully Submitted,
Michael W. Anderson